**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOSEPH SCOTT and RENEE SCOTT,**<br>    **Plaintiffs,**<br><br>        **v.**<br><br>**FOREMOST INSURANCE COMPANY,**<br>**et al.,**<br>       **Defendants.** | **CIVIL ACTION**<br><br>**NO. 15-3257** |

**MEMORANDUM RE: DEFENDANT'S MOTION TO DISMISS**

**Baylson, J.**                                          **September 30, 2015**

**I.      Introduction**

In this suit over an insurance policy, Defendants[1] have filed a Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 7) pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court will GRANT the Motion in part.

**II.     Summary of Allegations**

Plaintiffs Joseph and Renee Scott ("Plaintiffs") allege the following. Plaintiffs are a married couple who were insured through Defendant Foremost Property & Casualty Company ("Defendant" or "Defendant Foremost") in or around 2008. Am. Compl. ¶¶ 3, 8. In February 2014, Plaintiffs' home was damaged when an ice storm caused a power surge. Am. Compl. ¶ 10. The surge burned out all the electrical wiring and appliances plugged into the electrical outlets. Am. Compl. ¶ 10. Based on the estimates of a public adjuster, the surge caused Plaintiffs a loss of approximately $275,000.00 based on damage to the house and $90,000.00 based on damage to

---

[1] Plaintiffs also name as Defendants ten John Does, alleged to be agents or employees of Defendant Foremost. In the original Complaint, Plaintiffs also named as Defendants Foremost Property & Casualty Company and Farmers Insurance Companies. The parties agreed to the dismissal of those two Defendants.

appliances. Am. Compl. ¶ 11. Plaintiffs allege that these damages were covered by the insurance

policy provided by Defendants. Am. Compl. ¶ 9.

Plaintiffs contacted Defendant Foremost, and a company representative told Plaintiffs

that Foremost would cover the loss if Plaintiffs provided three estimates of electrical damage.

Am. Compl. ¶ 12. Within about a week of the surge, Plaintiffs obtained three estimates from

state-licensed electrical contractors and provided the estimates to Defendant Foremost. Am.

Compl. ¶ 13. Based on these estimates, Defendant Foremost offered to compensate Plaintiffs in

an amount that was approximately one-third of the electrical estimates. Am. Compl. ¶ 14. The

specific amount of compensation offered is not specified in the Amended Complaint.

Plaintiffs then used a public adjuster to assess their entire loss. Am. Compl. ¶ 15.

Defendant Foremost disputed the adjuster's estimate without providing any reasonable

explanation for its dispute. Am. Compl. ¶ 15.

Soon after the power surge, Defendant Foremost sent its own investigator to Plaintiffs'

home. Am. Compl. ¶ 16. It's unclear from the Amended Complaint whether Defendant Foremost

sent this investigator before or after the Plaintiffs sent the electricians' and adjuster's estimates to

Defendant Foremost. Plaintiffs allege that Defendant's inspector conducted no inspection, sitting

in his vehicle at Plaintiffs' home for approximately 45 minutes. Am. Compl. ¶ 16. Defendant's

investigator then knowingly and falsely accused Plaintiffs of illegally falsifying damages,

concluding that there was no power surge but that Plaintiffs' home had been struck by lightning.

Am. Compl. ¶16. Initially, Defendant Foremost relied on its inspector's report to deny Plaintiffs'

claim. Am. Compl. ¶ 16.

Approximately 90 days after Defendant's investigator's report, Plaintiffs allege that

Defendant agreed that Plaintiffs suffered a loss. Am. Compl. ¶ 17. At that point, Defendant

demanded that Plaintiffs conduct remedial work on the property, instructing Plaintiffs to remove everything from the house and replace the entire home electric system. Am. Compl. ¶ 18. Defendant required Plaintiffs to pay for dumpsters (approximately $1,200) and container storage (approximately $4,000), knowingly and falsely telling Plaintiffs that Defendant would pay for all costs associated with the remediation after the required work was finished. Am. Compl. ¶ 18.

Defendant never paid Plaintiffs for any of the remediation work. Am. Compl. ¶ 19. As a result, Plaintiffs have been unable to pay their mortgage and they are being foreclosed upon. Am. Compl. ¶ 20. The dumpster provider now attempts to collect payment from Plaintiffs by drawing money from Plaintiffs' business bank account. Am. Compl. ¶ 22. Plaintiffs allege that they will file for bankruptcy shortly. Am. Compl. ¶ 20.

## III.    Procedural History

Defendant Foremost removed this case to this Court (ECF 1) after Plaintiffs had originally filed in Pennsylvania state court. Shortly after the removal of the case to federal court, Defendant Foremost filed a Motion to Dismiss. (ECF 3) In response, Plaintiffs filed their First Amended Complaint (ECF 4) and this Court dismissed Defendant's original Motion to Dismiss as moot. (ECF 6)

Defendant Foremost then filed a Motion to Dismiss the Amended Complaint. (ECF 7) That motion is the subject of this memorandum.

## IV.    Legal Standard

### A.    Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

### B.    Motion to Dismiss for Failure to State a Claim

In considering a motion to dismiss under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen.

Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## V.     Analysis

Defendant Foremost requests the Court to dismiss all of Plaintiffs' claims, which include Plaintiffs'

1.     statutory bad faith claim (42 Pa. C.S. § 8371),

2.     negligence claim,

3.     claim based on the violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law (73 P.S. §§ 201-1 to 201-9.3),

4.     breach of contract claim,

5.     breach of fiduciary duty claim, and

6.     loss of consortium claim.

For the reasons explained, the Court now **GRANTS** the motion by dismissing the negligence claim with prejudice and the Unfair Trade Practices Law and fiduciary duties claims without prejudice. The Court **DENIES** the motion as to all other claims.

### A.     Count I: Statutory Bad Faith Claim

Plaintiffs have sufficiently alleged that Defendant Foremost acted in bad faith in the investigation of Plaintiffs' claim.[2] An insurer acts in bad faith if it "withhold[s] payment of [a

---

[2]     This Court has twice recently presided over insurance cases involving allegations of statutory bad faith and breach of contract. Charter Oak Ins. Co. v. Maglio Fresh Food, 45 F. Supp. 3d 461 (E.D. Pa. 2014); Leporace v. N.Y. Life & Annuity Corp., No. 11-2000, 2014 WL 3887726 (E.D. Pa. Aug. 7, 2014).

claim] absent a reasonable basis for doing so." <u>Grossi v. Travelers Pers. Ins. Co.</u>, 79 A.3d 1141, 1151 (Pa. Super. 2013) (quoting <u>Condio v. Erie Ins. Exch.</u>, 899 A.2d 1136, 1145 (Pa. Super. 2005)). To successfully establish a bad faith claim, the insured must show that (1) "the insurer did not have a reasonable basis for denying benefits under the policy" and (2) "the insurer knew of or recklessly disregarded its lack of reasonable basis in denying the claim." <u>Id.</u> at 1148 (quoting <u>O'Donnell v. Allstate Ins. Co.</u>, 734 A.2d 901, 906 (Pa. Super. 1999)); <u>Leporace v. N.Y. Life & Annuity Corp.</u>, No. 11-2000, 2014 WL 3887726 at *1 (E.D. Pa. Aug. 7, 2014).

Plaintiffs have alleged that Defendant Foremost disputed Plaintiffs' estimate without providing a reasonable explanation and that Foremost's adjuster failed to conduct any investigation. These allegations are sufficient at this stage to satisfy both elements of the claim. <u>See Bonenberger v. Nationwide Ins. Co.</u>, 791 A.2d 378, 379 (Pa. Super. 2002) (affirming a finding that the insurer recklessly disregarded its lack of reasonable basis to deny a claim where the trial "court found that [the insurance] claims handlers 'disregarded Plaintiff's medical records, conducted no independent medical examination, and made no reasonable evaluation based on Plaintiff's presentment.'" (quoting Trial Court Opinion, 2/13/01, at 7)).

Defendant Foremost's arguments attacking Plaintiffs' allegations are without merit. Plaintiffs are not required to allege that Defendants were motivated by ill-will, but even if they were, Plaintiffs' allegations sufficiently create the inference that Defendant Foremost was motivated by its own interest. <u>Klinger v. State Farm Mut. Auto. Ins. Co.</u>, 115 F.3d 230, 233-34 (3d Cir. 1997) (holding that the bad motive language in Pennsylvania bad-faith cases is dicta, and even it is a requirement, that the natural inference flowing from allegations of delay in responding to a claim is that the insurer acted in self-interest). Nor are Plaintiffs required to allege that Defendants breached a duty other than the duty of good faith and fair dealing.

<u>Bonenberger v. Nationwide Ins. Co.</u>, 791 A.2d 378, 380 (Pa. Super. 2002) ("It also must be shown that the insurer breached a known duty (i.e., good faith and fair dealing), through some motive or self interest or ill will.").

Despite Defendant's arguments to the contrary, Pennsylvania case law does not indicate that an insurer's partial payment of a claim precludes an insured from making a statutory bad faith claim. <u>See Grossi v. Travelers Pers. Ins. Co.</u>, 79 A.3d 1141, 1145-56 (Pa. Super. 2013) (affirming the trial court's verdict awarding damages pursuant to the bad faith claim related to an uninsured motorist claim after insurance company had paid substantial benefits on a related medical claim). And finally, Plaintiffs do not improperly rely on violations of Pennsylvania statutes to support their bad faith claim. <u>See Bombar v. West Am. Ins. Co.</u>, 932 A.2d 78, 92 (Pa. Super. 2007) (citing the Unfair Insurance Practices Act when discussing the bad faith standard).

Thus, the Court **DENIES** Defendant's Motion to Dismiss the bad faith claim.

### B.    Count II: Negligence

Plaintiffs' negligence claim is dismissed with prejudice for three reasons: (1) most of Plaintiffs' allegations are insufficient to satisfy the <u>Twombly-Iqbal</u> standard, (2) Pennsylvania law does not support a negligence action against an insurer in this context, and (3) Plaintiffs' negligence allegations that are properly supported by facts are barred by the gist of the action doctrine.

Most of Plaintiffs' negligence allegations are mere legal conclusions that run counter to the factual narrative provided in the remainder of the Complaint. <u>See</u> Am. Compl. ¶ 31(a)-(e), (h). These legal conclusions are not supported by any facts in the Complaint, and they fail to satisfy the <u>Twombly-Iqbal</u> standard. But even if these allegations had been sufficiently pleaded, Pennsylvania law does not recognize a negligence action against an insurer in this context.

Plaintiffs do allege a breach of some duties recognized by Pennsylvania law. <u>See</u> Am. Compl. ¶ 31(g). But those duties arise out of the contractual relationship between the parties and not a social duty owed to all. Thus, a negligence action based on the breach of those duties would be barred by the gist of the action doctrine. <u>See Bruno v. Erie Ins. Co.</u>, 106 A.3d 48, 68 (Pa. 2014) (holding that a negligence action is barred by the gist of the action doctrine if the duty alleged to have been breached was created by contract).

Thus, the Court **GRANTS** Defendant's Motion to Dismiss this claim and **DISMISSES WITH PREJUDICE** Plaintiffs' negligence claim.

### C.      Count III: Unfair Trade Practices and Consumer Protections Law ("Unfair Trade Practices Law" or "UTPCPL")

Plaintiffs' allegations regarding their Unfair Trade Practices Law claim fail to meet the <u>Twombly-Iqbal</u> standard and the claim is dismissed without prejudice on that ground. Plaintiffs allege that Defendant's conduct "constitutes an 'unfair or deceptive practice' within the meaning of the UTPCPL," and that it "conducted itself in violation of the UTPCPL." Am. Compl. ¶¶ 34-35.

The Unfair Trade Practices Law provides twenty-one definitions of "unfair or deceptive acts or practices," but only one definition could possibly be applicable to the facts alleged by Plaintiffs. That is the "catch-all" definition: "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 Pa. C.S. § 201-2(4)(xxi). But even applying this catch-all provision, none of the factual allegations in the Amended Complaint adequately identify any unfair or deceptive practices by Defendant. Thus,

Plaintiffs have failed to make allegations that are sufficient for this Court to deem a claim for relief plausible. [3]

Therefore, the Court **GRANTS** Defendant's Motion to Dismiss this claim, but grants Plaintiffs' leave to amend this claim.

### D.        Count IV: Breach of Contract

Under Pennsylvania law, Plaintiffs must show three elements to establish a claim for breach of contract based on the breach of the implied covenant of good faith and fair dealing: (1) the existence of a contract and the content of its essential terms, (2) the Defendants breached the implied covenant of good faith and fair dealing by breaching a specific contractual duty, and (3) resultant damages. Leporace v. N.Y. Life & Annuity Corp., No. 11-2000, 2014 WL 3887726, at *1 (E.D. Pa. Aug. 7, 2014); see also Wolfe v. Allstate Prop. & Cas. Ins. Co., 790 F.3d 487 (3d Cir. 2015) (discussing the common law bad faith action, which is a breach of contract based on the breach of the implied covenant of good faith and fair dealing).

---

[3]        Defendants urge that Plaintiffs must comply with the heightened pleading requirements of Rule 9(b) in pleading their Unfair Trade Practices Law claim. The Third Circuit has not addressed this issue, and district courts are somewhat divided. Compare Slemmer v. McGlaughlin Spray Foam Insulation, Inc., 955 F. Supp. 2d 452, 463 (E.D. Pa. 2013) (concluding that Rule 9(b) standards apply if the claim is made by alleging fraud, but Rule 9(b) does not apply if the claim is made based on deceptive practices and those practices are specifically referenced in the complaint); Schnell v. Bank of N.Y. Mellon, 828 F. Supp. 2d 798, 806-07 (E.D. Pa. 2011) (same); Vassalotti v. Wells Fargo Bank, N.A., 732 F. Supp. 2d 503, 510 (E.D. Pa. 2010) (same); with Van Veen v. AT&T Corp., 2011 WL 4001004, at *3 (E.D. Pa. 2011) ("To establish liability under Pennsylvania's UTPCPL, a plaintiff must allege 'with particularity the elements necessary to support a violation . . . as to a particular defendant.'" (quoting Garczyinski v. Countrywide Home Loans, Inc., 656 F. Supp. 2d 505, 515 (E.D. Pa. 2009))); Wagner v. Future Planning Assocs., Inc., 2010 WL 528437, at *4 n. 7(W.D. Pa. 2010) ("With regard to claims of fraud, Rule 9(b) requires a party to 'state with particularity the circumstances constituting fraud,' and this standard applies to claims under the UTPCPL.").

At this time, the Court does not need to decide whether the heighted pleading standard applies because Plaintiffs' allegations are insufficient even under the lower Rule 8(a)(2) standard.

Plaintiffs have sufficiently pleaded the elements of a breach of contract claim. They have pleaded that (1) they entered into an insurance contract with Defendant that included coverage for damage caused by a power surge, (2) Defendant breached the implied covenant of good faith and fair dealing by failing to exercise diligence in investigating the claim and providing only partial payment despite lacking a reasonable basis to deny full payment, and (3) Plaintiffs were damaged because they could not afford to pay for the damage that Defendant caused them to pay for, Plaintiffs can no longer afford their mortgage, and Plaintiffs' home is being foreclosed upon. These allegations are sufficient to survive a motion to dismiss.

Therefore, the Court **DENIES** Defendant's Motion to Dismiss this claim.

### E.     Count V: Breach of Fiduciary Duty

Plaintiffs have voluntarily withdrawn their breach of fiduciary duty claim and ask for it to be dismissed without prejudice. This request is **GRANTED** and the claim is **DISMISSED WITHOUT PREJUDICE**.

### F.     Count VI: Loss of Consortium

Defendant argues that Plaintiffs' loss of consortium claim must fail because (1) it is derivative and both parties are primary parties and (2) the loss of consortium claim is not properly appended to the claims asserted by Plaintiffs. But Defendants have not provided case law that directly and conclusively supports these propositions. Therefore, the Motion to Dismiss this claim is **DENIED**.

## VI.     Conclusion

An appropriate order follows.

O:\CIVIL 15\15-3257 scott v. foremost ins co\15cv3257 Scott v Foremost MTD Memo 9.30.15.docx

9